IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**WILLIAM THOMAS ROBERTSON,**   \*
                                      \*
        **Petitioner,**   \*
**vs.**                                 \*   **CRIMINAL NO. 06-00279-CG-B-5**
                                      \*   **CIVIL ACTION NO. 16-00206-CG-B**
**UNITED STATES OF AMERICA,**   \*
                                      \*
        **Respondent.**   \*

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner William Thomas Robertson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docs. 164, 165) and the Government's Motion to Dismiss in response thereto. (Doc. 171). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration, the undersigned

---

[1] The Honorable Senior United States District Judge Callie V.S. Granade presided over the proceedings in this action. The undersigned has reviewed Robertson's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade.

[2] A district court is not required to hold an evidentiary hearing for patently frivolous claims, claims which are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d

hereby recommends that Robertson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 164) be **DENIED**, that Respondent's Motion to Dismiss (Doc. 171) be **GRANTED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, William Thomas Robertson. The undersigned also recommends that should Robertson file a certificate of appealability, it should be denied as he is not entitled to appeal *in forma pauperis*.

I.   **BACKGROUND**

Robertson was indicted on February 25, 2009, on two drug-related counts, namely: (1) conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846; and (2) possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 65). On April 27, 2009, pursuant to a plea agreement, Robertson entered a guilty plea to Count Three of the superseding indictment, conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. (Docs. 94, 96).

On October 19, 2009, the United States Probation and Pretrial Services filed a presentence investigation report detailing Robertson's criminal history, which included convictions for:

---

1545, 1553 (11th Cir. 1989); accord Lacey v. United States, 2019 U.S. App. LEXIS 4329, *5, 2019 WL 582033, *2 (11th Cir. Feb. 13, 2019).

theft of property (Mobile County Circuit Court 1989); burglary (1989); receiving stolen property (Mobile County Circuit Court 1989); four counts of burglary (Mobile County Circuit Court 1991); theft of property Mobile County Circuit Court (1991); domestic violence (Mobile County District Court 2002); domestic violence (Mobile County District Court 2003); and possession of a controlled substance (Mobile County Circuit Court 2004). (Doc. 115 at 14-20). Based on his current and previous convictions, Robertson was designated a career offender pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. (Id. at 14, 21; Doc. 165 at 2).

On October 29, 2009, Robertson was sentenced to 183 months incarceration. (Doc. 125 at 2). He did not appeal his sentence.

On May 6, 2016, Robertson filed the instant motion seeking collateral relief under 28 U.S.C. § 2255. (Docs. 164, 165). In his motion to vacate, Robertson asserts two grounds for relief: (1) that his prior burglary convictions under § 13A-7-7 of the Alabama Code cannot be used to support his career offender designation under the sentencing guidelines because of the United States Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013); and (2) that the residual clause of the sentencing guidelines is unconstitutionally vague in light of the Supreme Court's ruling in Johnson v. United States, __U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). (Doc. 164 at 5).

In its motion to dismiss, the Government argues that Robertson's motion is untimely and, further, that Johnson does not apply to this case. (Doc. 171). On June 3, 2016, the Court ordered Robertson to show cause why his action should not be dismissed as time-barred (Doc. 172), and in his response, Robertson reiterated his previous arguments. (Doc. 176). On June 23, 2016, Robertson's counsel[3] filed a response to the Court's order, wherein he advised that:

> [Robertson] here relies on Johnson, not Descamps, as the mechanism through which to collaterally attack his career offender designation. "Descamps did not announce a new rule, and even if it did, Descamps is not a constitutional case." Id. at 3. Descamps did not provide Robertson a mechanism by which to collaterally attack his career offender designation in a §2255 motion. Robertson's § 2255 motion relies upon Johnson and consequently is not time-barred.

(Doc. 177 at 2). Thus, per his counsel's stipulation, Robertson's motion to vacate relies solely on his argument that the Johnson decision applies to the instant case and renders his career offender designation under the sentencing guidelines unconstitutional. (Id.).

On July 5, 2016, Robertson filed a motion to hold in abeyance a decision on his § 2255 motion, pending the United States Supreme Court's ruling in Beckles v. United States, 2016 WL 1209080 (U.S.

---

[3] Prior to Robertson's representation by counsel, Fred Tiemann, Robertson filed his § 2255 motion and supporting brief *pro se*.

4

June 27, 2016), *granting certiorari in* Beckles v. United States, 616 Fed. Appx. 415 (11th Cir. 2015), for a determination of whether the rule articulated in Johnson should apply to the sentencing guidelines at issue in the instant case. (Doc. 179). On July 7, 2016, the Court stayed Robertson's action pending further guidance from the Supreme Court on the applicability of Johnson to the sentencing guidelines at issue in the instant case. (Doc. 180).

This motion is now ripe for review.

## II. HABEAS STANDARD

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a [] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v.

United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 WL 3200694, *3, 2008 U.S. Dist. LEXIS 59836, *8-9 (S.D. Ala. Aug. 4, 2008).

**III. DISCUSSION**

As stated, in his motion to vacate and supporting brief, Robertson argues that his career offender enhancement under the sentencing guidelines was unconstitutional given the Supreme Court's holding in Johnson. (Doc. 165 at 8-9). For the following reasons, the Court finds that Robertson's argument is without merit.

**A. Johnson and Beckles.**

In Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), set forth in 18 U.S.C § 924(e), is unconstitutionally vague because it creates "uncertainty about how to estimate the risk posed by a crime[ ]" and also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."[4] Id., 135 S. Ct. at 2557-

---

[4] The Johnson court explained:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier

6

58, 2563 (holding that the imposition of an enhanced sentence under the ACCA's residual clause with respect to an individual who pleaded guilty to 18 U.S.C. § 922(g), prohibiting a convicted felon from possessing a firearm, violated the Constitution's guarantee of due process); see also Welch v. United States, 136 S. Ct. 1257, 1268 (2016) (holding that Johnson applied retroactively on collateral review).

In the instant case, Robertson pleaded guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846.

---

> convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010). The Act defines "violent felony" as follows:
>
> "any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

Johnson, 135 S. Ct. at 2555-56.

(Docs. 94, 96). Unlike the petitioner in Johnson, however, Robertson was *not* sentenced under the ACCA.[5] (Docs. 115 at 14, 21; Doc. 165 at 2). Thus, any claims based on the Johnson decision must necessarily fail. See Petty v. United States, 2018 U.S. Dist. LEXIS 33506, *5, 2018 WL 1135513, *2-3 (N.D. Tex. Jan. 16, 2018), *report and recommendation adopted*, 2018 WL 1083835 (N.D. Tex. Feb. 28, 2018) ("Movant was not sentenced under the ACCA. He contends that the residual clause of a sentencing guideline is unconstitutional in light of Johnson. Johnson does not apply to the sentencing guidelines, and the guidelines are not subject to a vagueness challenge under the Due Process Clause.") (citing Beckles v. United States, 137 S. Ct. 886, 895 (2017)).

Indeed, on March 6, 2017, the United States Supreme Court decided Beckles v. United States, __ U.S. __, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), holding that, unlike the ACCA, "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Id., 137 S. Ct. at 890, 892. The Court stated: "Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines

---

[5] To the contrary, as discussed, *infra*, Robertson was designated a career offender under the sentencing guidelines, not the ACCA. (Docs. 115, 165 at 2).

are not subject to a vagueness challenge under the Due Process Clause." Id., 137 S. Ct. at 892. In so holding, the court rejected any argument based on Johnson that the residual clause in § 4B1.2(a)(2) of the sentencing guidelines is void for vagueness.[6]

Even before the Supreme Court's decision in Beckles, the

---

[6] The sentencing guidelines in effect at the time of Robertson's sentencing provided in pertinent part that a criminal defendant was a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2002). The guidelines further provided that:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding on year, that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (2007) (emphasis added). The italicized portion indicates the section of the guidelines referred to as the residual clause. The residual clause was removed from the sentencing guidelines effective August 1, 2016. See United States v. Matchett, 837 F.3d 1118, 1127 (11th Cir. 2016) ("As of August 1, 2016, the residual clause of the career-offender guideline no longer exists.").

9

Eleventh Circuit held that Johnson did not invalidate the residual clause in the sentencing guidelines, U.S.S.G. § 4B1.2(a)(2). See United States v. Matchett, 802 F.3d 1185, 1193-96 (2015), *cert. denied*, 137 S. Ct. 1344, 197 L. Ed. 2d 532 (2017); accord Lester v. United States, 2019 U.S. App. LEXIS 12859, 2019 WL 1896580, *1 (11th Cir. Apr. 29, 2019)(prisoners sentenced as career offenders under the sentencing guidelines "cannot benefit from Johnson because . . . the void-for-vagueness doctrine does not apply to the Sentencing Guidelines.").[7]

Accordingly, based on the foregoing, any claim made by Robertson challenging his career offender designation under the sentencing guidelines on the basis of Johnson must fail.[8]

---

[7] The Lester court further noted that the void-for-vagueness doctrine of Johnson does not apply to the sentencing guidelines regardless of whether the prisoner was sentenced before or after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), which held that the sentencing guidelines were not mandatory, but only advisory. See Lester, 2019 U.S. App. LEXIS 12859, 2019 WL 1896580, *1 (11th Cir. Apr. 29, 2019) (citing In re Griffin, 823 F.3d 1350, 1356 (11th Cir. 2016)).

[8] While it is unclear whether Robertson was designated a career offender pursuant to the residual clause portion of § 4B1.2(a)(2) or based on the "burglary of a dwelling" provision of § 4B1.2(a)(2), regardless of which provision was used, the result is the same. If Robertson was designated a career offender based on the residual clause portion of the guidelines, his claim that this designation is unconstitutional based on the Johnson decision fails for the reasons set forth above. If, on the other hand, he was designated a career offender based on his numerous prior burglary convictions, his claim that those convictions were unconstitutional based on the Descamps decision has been waived, and, in any event, is time-barred, as discussed, *infra*.

B. **Untimeliness of the Petition**.

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") provides that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Robertson was sentenced and judgment was entered by this Court on October 29, 2009. (Doc. 125). Because Robertson did not appeal his sentence to the Eleventh Circuit Court of Appeals, his judgment became final ten (10) days after it was entered, or on November 8, 2009. Akins v. United States, 204 F.3d 1086, 1091 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). See Fed. R. App. P. 4(b)(1)(A) ("In a criminal case,

a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of the judgment or order being appealed . . .").[9]  Accordingly, Robertson had until November 8, 2010, to timely file his § 2255 petition.  See 28 U.S.C. § 2255(f)(1).  Robertson did not file his § 2255 motion to vacate until May 6, 2016, more than five years after the limitation period expired.[10]  (Doc. 164 at 12).  Therefore, Robertson's motion to vacate is due to be dismissed as time-barred.

Although Robertson argues in his motion to vacate that he can re-start the limitations period under 28 U.S.C. § 2255(f)(3) due to the Supreme Court's decision in Johnson (Doc. 165 at 9; Doc. 177 at 2), the Court has determined for the reasons previously discussed that Johnson is inapplicable to the present case.  See Petty, 2018 U.S. Dist. LEXIS 33506 at *5, 2018 WL 1135513 at *2-3 ("Johnson did not announce a newly recognized right regarding the constitutionality of the sentencing guidelines, so § 2255(f)(3) does not apply.").  Therefore, this argument is unavailing.

Moreover, as discussed, Robertson waived his argument that his prior burglary and theft convictions could not be used to

---

[9] The Federal Rules of Appellate Procedure were amended on December 1, 2009, to extend the time period for filing an appeal to fourteen (14) days.

[10] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing.  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

12

enhance his sentence as a career offender under the guidelines based on the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). (See Doc. 177 at 2; Doc. 165 at 2). However, even if Robertson had not waived this claim, it would be time-barred, as Descamps was decided on June 20, 2013, and the instant motion to vacate was filed almost two years later. (Doc. 164). Therefore, for each of these reasons, Robertson's motion to vacate is time-barred.

Accordingly, based on the foregoing, Robertson's motion to vacate (Doc. 164) is due to be **DENIED**.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Petitioner's petition does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Petitioner's claims should be resolved in a different manner or that Petitioner deserves to proceed further. The recommendation that Petitioner's claim be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the instant claim on the record presented. As a result, Petitioner is not entitled to a certificate of appealability, and consequently, should not be permitted to proceed *in forma pauperis* on appeal.

## **CONCLUSION**

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 164) be **DENIED**, that Respondent's motion to dismiss be **GRANTED** (Doc. 171), that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, William Thomas Robertson. The undersigned Magistrate Judge further opines that Petitioner is not entitled to the issuance of a certificate of appealability or the option to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

15

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **6th** day of **May, 2019.**

                                                     **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**